# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
UNITED STATES OF AMERICA,

v.                                    CR 222-026-10

MARISSA D. DAVIS,

     Defendant.
```

### ORDER

Before the Court is Defendant Marissa Davis's motion for jail-time credit. Dkt. No. 2683. Defendant alleges she has not received credit to her sentence for eleven months served in custody. Id. She avers that she has raised the issue with the Bureau of Prisons' Sentencing and Computation Center to no avail. Id.

### LEGAL AUTHORITY

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

### DISCUSSION

"The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district

courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Defendant avers she has exhausted her administrative remedies by requesting credit and/or clarification from the Bureau of Prisons.

"A claim for credit for time served is cognizable under 28 U.S.C. § 2241 as a challenge to the execution of a sentence." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018). "Writs of habeas corpus may be granted by the . . .

2

district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").

Defendant's petition indicates that she is incarcerated at the Federal Correction Institute in Aliceville, Alabama. See Dkt. No. 2683 at 1, 2. Aliceville, Pickens County, Alabama, is located in the Western Division of the Northern District of Alabama. 28 U.S.C. § 81. Since this Court lacks jurisdiction over Defendant's § 2241 petition, it is hereby **DISMISSED**. See Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also, e.g., United States v. Michel, 817 F. App'x 876, 879 (11th Cir. 2020) (concluding "[t]he district court . . . declined correctly to review [prisoner's] request for relief under 28 U.S.C. § 2241[,]" because the request was not filed in the district of confinement).

**SO ORDERED**, this __10__ day of December, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4